IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| MANN REALTY ASSOCIATES, INC. | : | CASE NO. 1:17-bk-00080-RNO |
| Debtor | : | |
| | : | |
| | : | |
| DOUBLE M REAL ESTATE, LLC and | : | |
| MARTIN L. GRASS AND | : | |
| MARK G. CALDWELL, TRADING AS | : | |
| DOUBLE M DEVELOPMENT, | : | |
| Movants | : | MOTION FOR RELIEF FROM |
| | : | AUTOMATIC STAY |
| v. | : | |
| | : | |
| MANN REALTY ASSOCIATES, INC. | : | |
| Respondent | : | |

**MOTION BY DOUBLE M REAL ESTATE, LLC AND DOUBLE M DEVELOPMENT FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(d)**

The Motion of Movants, by and through their attorneys, Wix, Wenger & Weidner, P.C., respectfully represents:

1. The Movant Double M Real Estate, LLC ("Double M LLC") is a Pennsylvania limited liability company having a registered office of c/o Wix, Wenger & Weidner, 508 North Second Street, Harrisburg, PA 17101.

2. The Movant Double M Development ("Double M Partnership") is a Pennsylvania general partnership having a registered address of 1525 Slate Hill Road, Camp Hill, PA 17011.

3. The Debtor/Respondent is Mann Realty Associates, Inc., a Pennsylvania corporation with a registered address at 614 North Front Street, Harrisburg, PA 17101.

4. On January 10, 2017, the Debtor/Respondent filed a voluntary petition commencing a case under Chapter 11, Title 11, United States Code (the "Bankruptcy Case").

5. The petition in the Bankruptcy Case was filed pro se and the United States Trustee has filed a Motion to Dismiss (see docket #6) on the basis that the bankruptcy petition was not signed by an attorney. A hearing on the United States Trustee's Motion is scheduled for February 16, 2017.

6. Debtor/Respondent is the record title owner of certain real estate located at and known as 2090 North Union Street, Lower Swatara Township, Dauphin County, Pennsylvania (the "Real Estate"). A true and correct copy of the Fee Simple Deed to Debtor is attached hereto as Exhibit A and is incorporated herein by reference.

7. This is an action under 11 U.S.C. Section 362(d) to vacate or modify a stay granted under 11 U.S.C. Section 362(a) to permit a Sheriff's Sale of the Real Estate.

8. The Real Estate is subject to an option to purchase certain acreage of the Real Estate (the "Option Real Estate") pursuant to an Agreement of Sale dated March 6, 1995 (the "Option") in favor of Double M Partnership.

9. The Option Real Estate has been the subject of decades of litigation in the Dauphin County Court of Common Pleas at docket Nos. 5381 EQUITY 1996 and 2012 CV 7139 NT (the "State Court Actions"), in which Double M Partnership has sought enforcement of its rights to the Option against Robert M. Mumma and Susan Mumma, Trustees of the Robert M. Mumma, II, Grantor Retained Annuity Trust (the "GRAT"), which, prior to the unlawful transfer of the Real Estate to the Debtor, was the record title owner of the Real Estate. The principals of the Debtor and of the GRAT are the same individuals.

10. By order dated September 13, 2007, the Dauphin County Court entered a judgment in favor of Double M Partnership and against the GRAT in the amount of $902,242.72 as sanctions and attorneys' fees for the failure of the GRAT to comply with court directives (the "Sanctions Judgment"). A true and correct copy of the Court's September 13, 2007 Final Order is attached hereto as Exhibit B.

11. The Sanctions Judgment was entered as a lien against the Option Real Estate on September 26, 2007, and was subsequently revived with priority over any and all other mortgages and liens pursuant to the Court Order dated January 17, 2017, a true and correct copy of which is attached hereto as Exhibit C.

12. The amount of the Sanctions Judgment including interest through and as of February 16, 2017 is $1,410,649.25.

13. Double M LLC is the successor in interest to and current holder of the first lien mortgage on the Real Estate in the face amount of $2,500,000.00 (the "Mortgage").

14. Double M LLC is the successor in interest to a confessed judgment against Debtor/Respondent, among others, entered September 28, 2016 in the amount of $1,114,437.74, plus interest after September 13, 2016, filed in the Court of Common Pleas for Dauphin County, Pennsylvania at Docket No. 2016-CV-7329-NT (the "Confessed Judgment").

15. The Confessed Judgment is a lien against the Real Estate by operation of 42 Pa.C.S.A. § 4303.

16. The Real Estate was scheduled for a sheriff sale in execution of the Confessed Judgment on January 19, 2017, which sale was stayed by the filing of the Bankruptcy Case.

17. The Sheriff's sale of the Real Estate has been rescheduled for March 2, 2017.

18. The tax assessed value of the Real Estate is $679,100.00, which translates to a fair market value of $909,994.00 with application of the Pennsylvania common level ratio for Dauphin County, Pennsylvania.

19. The amount of the Mortgage and Confessed Judgment and the Sanctions Judgment is more than the estimated fair market value of the Real Estate; therefore the Debtor does not have any equity in the Real Estate.

20. The Debtor has no realistic plans for use of the Real Estate in connection with the Debtor's business.

21. The Real Estate includes the Option Real Estate. Pursuant to Orders of the Court of Common Pleas of Dauphin County, the Debtor/Respondent has been ordered to convey the Option Real Estate to Movant Double M Partnership. Thus, the Option Real Estate cannot be used by the Debtor as part of the Debtor's reorganization; therefore, the Option Real Estate is not necessary to an effective reorganization.

22. The Movants are entitled to relief from the automatic stay pursuant to 11 USC §362(d)(2).

23. Debtor/Respondent and its principals have engaged in dilatory litigation tactics and refused to comply with Court Orders in the State Court Actions, including (but not limited to) the following:

    a. Failing to transfer the Option Real Estate from the GRAT to Double M Partnership as ordered by the Dauphin County Court of Common Pleas on March 31, 1998, a true and correct copy of which is attached hereto as Exhibit D.

    b. Attempting to avoid the State Court's orders by transferring the Option Real Estate from the GRAT to the Debtor.

4

    c. Failing to re-convey the Option Real Estate from the Debtor to the GRAT as ordered by the Dauphin County Court of Common Pleas by Memorandum Opinion and Decree *Nisi* dated July 7, 2006[1]. A true and correct copy of the Court's July 7, 2006 Memorandum and Decree *Nisi* is attached hereto as Exhibit E.

    d. Failing to pay the sanctions as set forth in the Sanctions Judgment in the current amount of $1,410,649.25 imposed by the State Court for failure to convey the Real Estate to the Movant[2].

24. Based on the actions of the Debtor and its principals in the State Court Actions, Movants believe that the Debtor has filed the instant Bankruptcy Case only as a further delaying tactic; further, Movants believe that, if the instant Bankruptcy Case is dismissed, Debtor will file another, and possibly successive, bankruptcy petitions with this Court only for the purpose of further delaying the sheriff's sale of the Real Estate.

25. If Double M LLC is not permitted to execute its rights to proceed with the sheriff's sale, Double M LLC will suffer irreparable injury, loss, and damage.

26. Double M Partnership is entitled to relief from the automatic stay so that it may continue to exercise its rights to the Option Real Estate, which rights have been upheld numerous times by the Dauphin County Court of Common Pleas and the Pennsylvania Superior Court.

27. Movants are entitled to waiver of the stay set forth in Federal Rule of Bankruptcy Procedure 4001(a)(3) due to the delaying tactics of the Debtor and its principals in the State Court Actions and the filing of the instant Bankruptcy Case.

---

[1] The Order was affirmed by the Pennsylvania Superior Court by Memorandum Opinion dated December 17, 2008. A subsequent Petition for Allowance of Appeal was denied by the Pennsylvania Supreme Court.

[2] This Order was also affirmed by the Pennsylvania Superior Court in the aforementioned Memorandum Opinion dated December 17, 2008.

5

28. If the stay is not lifted to allow the sheriff's sale of the Real Estate on March 2, 2017, Double M LLC may be required to prepare and serve new notices and advertisement of the sheriff's sale, which will result in added costs and significant delay until another sheriff's sale can be held according to the schedule set by the Dauphin County Sheriff's Office.

WHEREFORE, Movants respectfully request that this Honorable Court enter an Order lifting the Automatic Stay; waiving the stay of F.R.B.P. 4001(a)(3); allowing Double M LLC to continue with the sheriff's sale against the Property on March 2, 2017; allowing Double M Partnership to exercise its rights to the Option and in the State Court Actions; allowing Movants to exercise all other state remedies available to the Movants; and for such other relief that this Honorable Court deems just and appropriate.

    Respectfully submitted,

    WIX, WENGER & WEIDNER

Date: January 27, 2017    By: /s/ Stephen J. Dzuranin
    Stephen J. Dzuranin, Esquire
    508 North Second Street
    P.O. Box 845
    Harrisburg, PA 17108-0845

6

Case 1:17-bk-00080-RNO   Doc 11   Filed 01/27/17   Entered 01/27/17 14:34:34   Desc
Main Document   Page 6 of 6